UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROMANCEE OSHAY GEORGE,

    Plaintiff,

v.                                                      Case No.:  5:21-cv-632-SPC-PRL

KRISTIE MATHIEU and NEIL
FUCHLER,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss/Alternative Motion for a More Definite Statement (Doc. 44).

### Background

Plaintiff Romancee Oshay George is a federal prisoner, and he brings this *Bivens*[1] action against two prison nurses in their individual capacities. The Court recounts the factual background as pled in George's Amended complaint, which it must take as true to decide whether the Amended complaint states a plausible claim. *See Chandler v. Sec'y Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

George is a carrier of human immunodeficiency virus (HIV), and he takes medication to manage the infection. On December 4, 2020, George arrived at

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

USP Coleman with a 7-day supply of his medication. He claims, "Medical was suppose [sic] to put a refill but failed to do so." (Doc. 21 at 5). George submitted several written requests for a refill to defendants Mathieu and Fulcher, both nurses at USP Coleman. George did not receive an immediate refill, and he went without his medication from December 11-15, 2020. George blames the missed doses for a drop in his CD4 cell count.[2] In January 2021, George's CD4 cell count was 533, and it rose to 588 in September 2021—George claims it was normally in the 700s and 800s.

George asserts Fulcher and Mathieu were deliberately indifferent to his serious medical need in violation of the Eighth Amendment. He seeks $1 million in compensatory damages and $1 million in punitive damages. Defendants argue George fails to state a claim and seek dismissal with prejudice under Federal Rule of Civil Procedure 12(b)(6). Alternatively, they request a more definite statement. In response, George submitted about 50 pages of documents, none of which appear relevant to his claims against Fulcher and Mathieu.

---

[2] CD4 cells are an important part of the immune system—they help the body fight infections. HIV attacks and lowers the number of CD4 cells in a person's blood. Center for Disease Control and Prevention, *About Your Viral Load and CD4 Cell Count*, https://www.cdc.gov/hiv/basics/livingwithhiv/understanding-care.html (last visited January 3, 2024).

**Legal Standard**

When considering a motion to dismiss under Rule 12(b)(6), courts must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The preferential standard of review, however, does not let all pleadings adorned with facts survive to the next stage of litigation. The Supreme Court has been clear on this point—a district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal,* 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly,* 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly,* 550 U.S. at 555.

George is representing himself in this action. Courts hold the pleadings of *pro se* litigants to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998). But courts do not have a duty to "re-write" a *pro se* litigant's complaint to find

3

a claim. *See Washington v. Dep't of Children & Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

## Discussion

Defendants first argue George has failed to state an Eighth Amendment claim. In *Estelle v. Gamble*, the Supreme Court established that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." 429 U.S. 97, 104 (1976). But not every claim of inadequate medical treatment gives rise to an Eighth Amendment violation. *Id.* at 105. Negligence in diagnosis or treatment—even if it constitutes medical malpractice—does not necessarily violate the constitution. *Id.* at 106.

"To prevail on a claim of deliberate indifference to serious medical need in violation of the [Eighth] Amendment, a plaintiff must show: '(1) a serious medical need; (2) the defendant['s] deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury.'" *Youmans v. Gagnon*, 626 F.3d 557, 563 (11th Cir.2010) (quoting *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009)). In the Eleventh Circuit, "[a] serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *Shaw v. Allen*, 701 F. App'x 891, 893 (11th Cir. 2017) (quoting *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003)).

Deliberate indifference has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) (internal quotation marks omitted). "Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." *Id.* But "a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment does not support a claim of deliberate indifference." *Wilson v. Smith*, 567 F. App'x 676, 678 (11th Cir. 2014) (internal citation and quotation marks omitted). "Moreover, matters of medical judgment do not constitute deliberate indifference." *Id.* (citing *Estelle*, 429 U.S. at 107).

Defendants concede that HIV is a serious medical need, but they argue George failed to plead facts showing deliberate indifference and causation. The Court partially agrees. According to the Amended Complaint, George submitted requests for a refill "everyday until [he] received his medication." (Doc. 21 at 6). But he does not state when he began making the requests, what information he included in the requests, or how Mathieu and Fulcher responded to the requests. Defendants, as medical professionals, presumably understood the seriousness of an HIV infection. But the Amended Complaint

5

does not allege what Defendants knew about George's condition and treatment plan, when each of them learned that George needed a refill of his medication, or what they did about it. The Court cannot infer deliberate indifference based on such barebones factual allegations. It is not enough for George to allege that he was harmed.

As for causation, Defendants argue George cannot show a compensable injury from the missed doses because his CD4 count remained within a normal range, and because George's medical records show fluctuating CD4 levels before the lapse. This argument is premature. The Court declines to consider medical records outside the pleadings at this stage of the case. George alleged the lapse in his access to medication caused his CD4 level to drop. The Court accepts that allegation as true when considering Defendants 12(b)(6) challenge. What is more, George claims he has had trouble getting timely drug refills in the past, so historical fluctuations in his CD4 level could have been caused by missed doses.

Defendants next argue this action falls outside the scope of *Bivens*. To determine whether a claim is actionable under *Bivens*, courts make a two-step inquiry. First, courts "ask whether the case presents a new *Bivens* context— *i.e.*, is it meaningfully different from the three cases in which the Court has implied a damages action." *Egbert v. Boule,* 142 S. Ct. 1793, 1803 (2022) (cleaned up). Second, if the case presents a new context, "a *Bivens* remedy is

6

unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed." *Id.* (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 136 (2017)).

One of the cases that sets the bounds of *Bivens* is *Carlson v. Green*, 446 U.S. 14 (1980), which recognized a *Bivens* action for deliberate indifference to serious medical needs under the Eighth Amendment. In *Carlson*, an inmate named Joseph Jones, Jr. died in federal custody. Jones's estate alleged that certain prison officials,

> being fully apprised of the gross inadequacy of medical facilities and staff at the Federal Correction Center in Terre Haute, Ind., and of the seriousness of Jones' chronic asthmatic condition, nonetheless kept him in that facility against the advice of doctors, failed to give him competent medical attention for some eight hours after he had an asthmatic attack, administered contra-indicated drugs which made his attack more severe, attempted to use a respirator known to be inoperative which further impeded his breathing, and delayed for too long a time his transfer to an outside hospital.

*Carlson*, 446 U.S. at 16 n.1.

Defendants point differences in the factual allegations here and in *Carlson*: this action is based on failure to provide medicine, George's condition is chronic rather than emergent, and George did not die. Defendants argue that under *Egbert*, distinctions like these are enough to put a claim in a new *Bivens* context. But if that were true, every *Bivens* claim would present a new

7

context. Some courts have indeed found that slight factual differences are enough to create a new context. *See, e.g.*, *Johnson v. Terry*, No. 1:18-cv-1899-AT-JSA, 2023 WL 3215538, at *7 (N.D. Ga. Jan. 30, 2023). Other courts note that this approach would virtually—or perhaps entirely—eliminate *Bivens* actions. And since *Egbert* did not overrule *Bivens* or *Carlson*, courts have allowed deliberate indifference claims to proceed post-*Egbert* even though the facts do not exactly match *Carlson*. *See Duncan v. United States*, No. 1:20-cv-1685-SEG, 2023 WL 2370479, at *4-6 (N.D. Ga. Feb. 27, 2023).

All that said, it is premature to decide whether George's claim fits into an existing *Bivens* context. As explained above, George has not made sufficient allegations about Defendants' conduct to show they were deliberately indifferent to his needs. The Court will give George one final opportunity to amend his complaint. A second amended complaint must state what each defendant knew about George's condition, when he or she knew it, and how he or she responded. The new factual allegations will inform an *Egbert* analysis.

A second amended complaint will also address Defendants' final point. They argue if the action is not dismissed with prejudice, the Court should order George to plead with enough specificity to allow an analysis of qualified immunity. Indeed, courts should consider qualified immunity as soon as possible. *Simmons v. Bradshaw*, 879 F.3d 1157, 1162 (11th Cir. 2018). And the Court must decide whether each defendant is entitled to qualified

immunity based on his or her own conduct. See *Alcocer v. Mills*, 906 F.3d 944, 951 (11th Cir. 2018). So when drafting a second amended complaint, George may not plead against the defendants collectively. He must state specific allegations against each defendant based on their own conduct.

Accordingly, it is now

**ORDERED:**

Defendants' Motion to Dismiss/Alternative Motion for a More Definite Statement (Doc. 44) is **GRANTED in part and DENIED in part**. George's Amended Complaint is **DISMISSED without prejudice**. George may file a second amended complaint by February 10, 2023. **Otherwise, the Court will enter judgment and close this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on January 12, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record